**FILED** 

**OCT 2 2 2004**

**LARRY W. PROPES, CLERK**
**CHARLESTON, SC**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| THE CITADEL, THE MILITARY COLLEGE OF SOUTH CAROLINA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES DEPARTMENT OF THE NAVY, | ) ) ) |
| Defendant. | ) |

Civil Action No.:
2  0 4  2 2 7 5 5 1 8

## COMPLAINT FOR INJUNCTIVE RELIEF

AND NOW COMES Plaintiff, The Citadel, The Military College of South Carolina ("The Citadel"), by and through its undersigned attorneys, Barnwell Whaley Patterson & Helms, LLC, and sues Defendant the United States Department of the Navy, and for cause says:

### JURISDICTION AND VENUE

1.    This action arises under, inter alia, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 ("federal question") and 5 U.S.C. § 552(a)(4)(B) (FOIA), as well as other applicable federal statutes.

3.    Venue in this Court is proper pursuant to 28 U.S.C. §1391(b), as these claims arose in this judicial district, and 5 U.S.C. § 552(a)(4)(B), as the complainant resides and has its principal place of business in this federal judicial district.

### PARTIES

4.    Plaintiff, The Citadel, The Military College of South Carolina, is an agency of the State of South Carolina and is located and operates exclusively in Charleston, Charleston County, South Carolina.

5.    Defendant, United States Department of the Navy ("USDON"), is an agency of the

1

United States federal government, as provided for and defined in FOIA and related laws.

## PRELIMINARY BACKGROUND

6.      This lawsuit arises out of the USDON's denial of The Citadel's requests for certain documents and records under FOIA.

7.      Several lawsuits have been filed by various individuals against The Citadel in the Court of Common Pleas of Charleston County, South Carolina concerning alleged improper contact by Michael Arpaio ("Arpaio"):

    (a)    <u>Kristopher Ross Baker v. Michael Arpaio and The Citadel</u>, Case No. 2003-CP-10-4035

    (b)    <u>William Kana v. Michael Arpaio and The Citadel</u>, Case No. 2003-CP-10-4735

    (c)    <u>Glynn Wimberly & Lana Lee Wimberly, as Parents & Guardians for the minor, John Doe v. Michael Arpaio and The Citadel</u>, Case No. 2003-CP-10-5019

These cases will be collectively referred to herein as the "Lawsuits."

8.      The plaintiffs in the Lawsuits allege that Arpaio engaged in improper conduct while serving as a volunteer counselor at The Citadel's summer camp.

9.      The Plaintiffs in the Lawsuits allege that they were exposed to Arpaio because of his work at The Citadel's summer camp and that, consequently, liability should be imposed upon The Citadel for its improper retention, training or supervision of Arpaio.

10.     At the time of the conduct alleged in the Lawsuits, Arpaio was an officer in the United States Marine Corps (which is a part of the USDON).

11.     In June 2003, Arpaio pled guilty at a general court martial on Parris Island.

12.     The allegations of misconduct against Arpaio in his court martial were similar to the claims of misconduct that the plaintiffs have alleged in the Lawsuits.

13.     Pursuant to FOIA, on or about October 9, 2003, The Citadel made a formal request to the USDON for all records relating to Arpaio ("FOIA Request"). A true and correct copy of this request is attached hereto as Exhibit A.

14.     Moreover, on or about February 25, 2004, The Citadel served a subpoena signed by the Chief Administrative Judge for Charleston County, seeking the disclosure of records relating to Arpaio. A true and correct copy of this subpoena is attached hereto as Exhibit B.

15.     The FOIA Request specifically requested, inter alia, Arpaio's fitness reports.

16.     In response to The Citadel's FOIA Request, the USDON disclosed a redacted transcript of Arpaio's court martial and some of the exhibits entered into evidence in that court martial.

17.     However, in response to The Citadel's FOIA Request, the USDON refused to produce Arpaio's fitness reports, although those records had been specifically requested by The Citadel and had been an exhibit at Arpaio's court martial ("Fitness Reports").

18.     Counsel for The Citadel wrote to Lt. Cdr. M.E. Brooks on April 20, 2004, requesting that USDON produce **all** of the records sought in the FOIA Request, including Arpaio's Fitness Reports.

19.     Counsel for The Citadel engaged in extensive communications with the USDON, in an effort to secure the disclosure of the Fitness Reports pursuant to FOIA.

20.     Subsequently, the USDON denied The Citadel's request for the Fitness Reports, stating that the service records entries "would result in a clearly unwarranted invasion of personal privacy," in violation of 5 U.S.C. § 552(b)(6).

21.     The Citadel appealed the USDON's refusal to disclose Arpaio's Fitness Reports, arguing that Section 552(b)(6) did not apply.

22.     In support of its appeal, The Citadel provided the USDON with a detailed analysis, including citations to relevant legal authority, which conclusively established that the denial of access to the Fitness Reports under Section 552(b)(6) was unwarranted.

23.     By letter dated September 28, 2004 from Captain A.W. Whitaker IV, the USDON denied The Citadel's appeal of the denial of access to the Fitness Reports, claiming that "[t]his information is exempt from disclosure under the 5 U.S.C. § 552(b)(6)."

24.     In this letter, the USDON indicated that it was finally denying The Citadel's

3

appeal and that The Citadel could seek judicial review of this decision.

25.     The Citadel has exhausted the applicable administrative remedies with respect to its FOIA Request to the USDON.

26.     This lawsuit seeks judicial review of the USDON's denial of access to Arpaio's Fitness Reports in response to The Citadel's FOIA Request. For the reasons that follow, the USDON's denial of access to these records was improper and should be vacated.

27.     The USDON has based its refusal to produce the Fitness Reports on 5 U.S.C. § 552(b)(6) ("Exemption 6"), which exempts from disclosure under FOIA "personnel and medical files and similar files the disclosure of which would constitute a **clearly unwarranted** invasion of personal privacy." (Emphasis added).

28.     Under FOIA, in order to avoid disclosure, the USDON bears the burden of proving that the requested Fitness Reports fall within this exemption.

29.     In applying FOIA to this case, this Court must tilt the balance and resolve any doubts in favor of disclosure.

30.     Under Exemption 6, the USDON was required to balance the public interest in disclosure against any privacy interest that might be harmed by disclosure.

31.     USDON's regulations detail the procedure that it must follow in conducting an Exemption 6 analysis:

> Under that exemption, disclosure of information pertaining to an individual can be denied only when the disclosure would be a clearly unwarranted invasion of personal privacy. The first step is to determine whether a viable personal privacy interest exists in these records involving an identifiable living person. The second step is to consider how disclosure would benefit the general public in light of the content and context of the information in question. The third step is to determine whether the identified public interests qualify for consideration. The fourth step is to balance the personal privacy interests against the qualifying public interest. Numerous factors must be considered such as: The nature of the information to be disclosed (i.e., Do individuals normally have an expectation of privacy in the type of information to be disclosed?); importance of the public interest served by the disclosure and probability of further disclosure which may result in an unwarranted invasion of privacy; relationship of the requester to the public interest being served; newsworthiness of the individual to whom the information pertains (i.e., high ranking officer, public figure); degree of sensitivity of the

information from the standpoint of the individual or the individual's family, and its potential for being misused to the harm, embarrassment, or inconvenience of the individual or the individual's family; the passage of time since the event which is the topic of the record (i.e., to disclose that an individual has been arrested and is being held for trial by court-martial is normally permitted, while to disclose an arrest which did not result in conviction might not be permitted after the passage of time); and the degree to which the information is already in the public domain or is already known by the particular requester.

See 32 C.F.R. § 701.112(b)(2)(iii).

32.     The USDON did not properly apply the legal standards governing Exemption 6 to The Citadel's FOIA Request.

33.     In making its decision upon the FOIA Request, the USDON was irrevocably conflicted, in that it is itself a defendant in a Federal Tort Claims Act lawsuit arising out of Arpaio's conduct.  As such, the USDON has an improper pecuniary motivation to limit access to records related to Arpaio.

34.     The USDON's conclusion that the release of Arpaio's Fitness Reports would constitute a "clearly unwarranted" invasion of Arpaio's privacy is without basis for several reasons, including (but not limited to):

(a)     Arpaio pled guilty and publicly admitted to much of the misconduct that forms the basis of the plaintiffs' complaints in the Lawsuits.

(b)     Arpaio submitted copies of his Fitness Reports in open court in his court martial, and the trial judge considered these reports in imposing punishment.

(c)     Arpaio has previously provided deposition testimony in the Lawsuits in which he claimed that he received positive Fitness Reports, thereby waiving any privacy interest in such reports.

(d)     Arpaio's own conduct reveals that he does not consider disclosure of the Fitness Reports a "clearly unwarranted" invasion of privacy.  In fact, Arpaio has waived or repudiated any right to privacy he may have had in those records.

(e)     Nothing in these Fitness Reports would unduly embarrass Arpaio or be susceptible to misuse against him, particularly in light of his testimony in the Lawsuits that his reviews were all favorable.

(f)     The Fitness Reports do not contain any information that might jeopardize

5

national security or compromise an ongoing governmental investigation.

35.     In contrast to Arpaio's relatively minor privacy interest, the public has a vital interest in obtaining access to records relevant to the manner in which the government is operating and managing its agencies (including the military).

36.     Where a military officer commits an offense of moral turpitude, the public clearly has an interest in examining his past performance records to determine whether the military is sufficiently training, overseeing and screening its officers to minimize the potential for similar occurrences in the future.

37.     Under the facts of this case, the public has a strong interest both in Arpaio's conduct as an officer and in the USDON's oversight and evaluation of him.

38.     In addition to this vital public interest, The Citadel has a specific, individual interest in the Fitness Reports. Arpaio's military record will obviously be vital to determining whether The Citadel was negligent in retaining or supervising him at its summer camp.

39.     In reaching its determination that the Fitness Reports fell within Exemption 6 to FOIA, the USDON ignored the public's vital interest in access to the Fitness Reports and grossly overstated Arpaio's privacy interest.

40.     In light of the circumstances, the USDON cannot establish that disclosure of the Fitness Reports would constitute a "clearly unwarranted" invasion of Arpaio's privacy.

41.     The Citadel has a statutory right to the Fitness Reports that it seeks, and there is no legal basis for the USDON's refusal to disclose them.

42.     Because The Citadel will "substantially prevail[]" with regard to this judicial review of its FOIA Request, this Honorable Court should also award The Citadel reasonable attorneys fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Honorable Court enter judgment in its favor and against Defendant, for the following relief:

(a)     A declaration that Defendant USDON's refusal to disclose the records requested by The Citadel is unlawful

(b)     An Order or Decree compelling Defendant USDON to disclose all documents requested by The Citadel in its FOIA Request, including Arpaio's Fitness Reports;

(c)     All attorneys fees and other litigation costs incurred by The Citadel in seeking judicial review of the USDON's baseless denial of its FOIA request, pursuant to 5 U.S.C. § 552(a)(4)(E);

(d)     Such other relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

DATED: October 22, 2004
Charleston, South Carolina

BARNWELL WHALEY PATTERSON & HELMS LLC

BY:_____
M. Dawes Cooke, Jr., Esq.
Federal I.D. #288
Mark C. Brandenburg, Esq.
Federal I.D. #6437
John W. Fletcher, Esq.
Federal I.D. #9378
P. O. Drawer H
Charleston, SC  29402-0197
(843) 577-7700
(843) 577-7708 (fax)
ATTORNEYS FOR PLAINTIFF

**BARNWELL WHALEY PATTERSON & HELMS, LLC**

ATTORNEYS AND COUNSELORS AT LAW
FOUNDED 1938

885 Island Park Drive (29492)
P.O. Drawer H
Charleston, SC 29402-0197
Telephone: (843) 577-7700
Facsimile: (843) 577-7708
Writer's Direct E-Mail:
mbrandenburg@barnwell-whaley.com

William C. Helms, III
M. Dawes Cooke, Jr.
B. C. Killough †
Thomas B. Pr____d
James H. Elli___

J. G____
Mark C. Brandenburg
Wendy J. Keefer
Todd M. Musheff
P. Gunnar Nistad

Lucinda Gardner Wichmann
Phillip S. Ferderigos
Andrea H. Brisbin
Michael Barfield
Gerald E. DeLoss
Myra V. Whitener

† Registered Patent Attorney

Robert A. Patterson
Nathaniel B. Barnwell (1877-1950)
Ben Scott Whaley (1909-1987)
Samuel J. Corbin (1907-1975)

**FAXED**
+ Mailed
10/9/03

October 9, 2003

1.415
Office of the Judge Advocate General
Attn: Code 15
Department of the Navy
1322 Patterson Avenue SE, Suite 3000
Washington Navy Yard, DC 20374-5006
Attention: Major Dan Fields

VIA FACSIMILE and U.S. Mail - 202 - 685 - 5484

Re:  *Kristopher Ross Baker v. Michael Arpaio and The Citadel*
     Case No. 03-CP-10-4035
     Our File No. 1.415

Dear Major Dan Fields:

I represent The Citadel in the above-captioned case. Kristopher Baker has sued The Citadel and Michael Arpaio and alleged that Arpaio sexually assaulted him between 1997 and 2001. He alleges several of these incidents occurred on the campus of The Citadel.

In May 1997, Arpaio received a commission into the United States Marine Corps. Between that date and July 2001, when the last of the incidents allegedly occurred, he was stationed at the Quantico Marine Corps Reservation in Virginia, and Camp Lejeune in North Carolina. His last duty station was at the Marine Corps Recruit Depot/Eastern Recruiting Region, at Parris Island, SC. (I do not know if he had any other duty assignments during that time.) In June of 2003, he pled guilty to several counts of conduct unbecoming an officer at a general court martial at Parris Island. He was sentenced to fifteen months of confinement, which he is serving at the Naval Brig in Goose Creek, South Carolina.

To prepare The Citadel's defense in this case, I would like to obtain copies of Arpaio's personnel file, and also speak to his superiors during his service in the Marines. I understand that Lt. Col. Douglas C. Marr, at Parris Island, was his last supervisor. I would also like to interview Maj. P. D. Harward, who prosecuted Arpaio at

**ATTACHMENT A**

Parris Island, and obtain copies of any and all non-privileged documents from his file. I recently wrote to Lt. Col. Marr and Maj. Harward, but Cpt. K. T. Carlisle of the Depot Law Center referred me to you.

I understand you need the following information to process this request:

1.   Identification of parties, their counsel and the nature of the litigation.

    a.   Caption of case, docket number, and court.

        *Kristopher Ross Baker v. Michael Arpaio and The Citadel* **Court of Common Pleas for the Ninth Judicial Circuit    Case No. 03-CP-10-4035**

    b.   Name, address, and telephone number of all counsel.

> **J. Edward Bell, III, Esquire**
> **Office of J. Edward Bell, III, LLC**
> **232 King Street, P. O. Box 2590**
> **Georgetown, SC 29442**
> **(843) 546-2408**
> **Attorney for Kristopher Ross Baker**
>
> **Mark C. Brandenburg, Esquire**
> **Barnwell Whaley Patterson & Helms, LLC**
> **P. O. Drawer H**
> **Charleston, SC 29402**
> **(843) 577-7700**
> **Attorneys for The Citadel**

    c.   The date and time when the documents, information, or testimony sough must be produced; the requested location for production; and, if applicable, the estimated length of time that attendance of the DON personnel will be required.

        **(1)   Arpaio's personnel file:  please produce by October 27, 2003 at the office of counsel for The Citadel – 885 Island Park Drive, Charleston, SC 29492.**

            **Interviews of Lt. Col. Douglas Marr and Major Phillip Harward.   Marine Corps Depot, Parris Island, SC – November 3, 2003, 10:00 a.m., (two hours each).**

2.     Identification of information or documents required.

    a.     A description, in as much detail as possible, of the documents, information, or testimony sought, including the current military service, status (active, separated, retired), social security number, if known, of the subject of the requested records.

        **(1)     Any and all personnel records for Michael Arpaio, United States Marine Corps, (social security number unknown), currently incarcerated at the Charleston Naval Brig pursuant to guilty plea at general court martial. Personnel documents would include, but not be limited to, fitness reports, evaluations, disciplinary records, application forms, notes, records relative to vacations, sick leave and other absences, records of earnings, correspondence, and medical records.**

        **(2)     Any and all non-privileged pleadings, discovery, and investigative material for any and all criminal charges, court martial charges, or other disciplinary actions foreclosed by Arpaio's guilty plea on June 2, 2003.**

    b.     The location of the records, including the name, address, and telephone number, if known, of the person from whom the documents, information, or testimony is sought.

        **(1)     Personnel file – location unknown.**

        **(2)     Trial documents – in the possession of the Staff Judge Advocate, Parris Island, or the Office of Appellate Review, Code 34, Washington Navy Yard, DC.**

3.     Description of why the information is needed.

    a.     A brief summary of the facts of the case and the present posture of the case.

        **1.     Facts: Arpaio was a staff member at The Citadel's summer camp during the summer of 1997 and the summer of 1998. The Plaintiff in this matter alleges that, while he was a camper in 1997, Arpaio sexually assaulted him. The Plaintiff further alleges that Arpaio traveled to Plaintiff's hometown of LeGrange, Texas, between 1997 and 1998, where he continued**

the assaults. Plaintiff returned to camp during the summer of 1998, and again, allegedly, suffered assaults at the hands of Arpaio. After the summer camp session of 1998, the Plaintiff and Arpaio continued a relationship until 2001, during which Arpaio allegedly continued to engage in sexual acts with the Plaintiff.

In June 2003, Arpaio pled guilty to numerous counts of conduct unbecoming an officer. During his guilty plea, Arpaio admitted to committing assault on Plaintiff in July 1998, after Plaintiff had left The Citadel summer camp, but before he returned to LeGrange, Texas. Similarly, Arpaio admitted to sexually assaulting Plaintiff in June 2001. Neither the incident in July 1998, nor the incident in June 2001 occurred on campus, or while Arpaio had any official relationship with The Citadel. Nevertheless, Plaintiff alleged Arpaio was acting as The Citadel's agent during that time.

2.      Present Posture of Case: Kristopher Ross Baker filed suit against The Citadel and Arpaio at the end of September, 2003. The Citadel has not yet filed its answer.

b.      A statement of the relevance of the matters sought to the proceedings at issue.

Arpaio's personnel records should show that he was on duty with the Marine Corps and not formally affiliated with The Citadel when most, if not all of the incidents alleged by the Plaintiff, occurred. Furthermore, Arpaio's records may show that the United States Marine Corps was unaware of Arpaio's alleged assaults against the plaintiff in this case, as was The Citadel. The information provided by Lt. Col. Marr and Major Harward should similarly provide this type of information.

c.      The circumstances surrounding the underlying litigation, including whether the United States is, or could be, a party.

Please see answer to 3.a., above. The Citadel understands the plaintiff has filed a claim pursuant to the Federal Tort Claims Act. However, The Citadel does not anticipate making the United States a party to this action.

I understand that the United States reserves the right to have a representative

present during any interview, deposition, or taking of any sworn testimony. I further understand that opposing counsel, when applicable, will be provided with a copy of all correspondence originated by the determining authority. I also understand that my office will be responsible for all reasonable costs associated with these interviews. I will, of course, be happy to pay all copying costs for the documents requested as well.

At this time, I am only seeking factual information from Lt. Col. Marr and Major Harward. I do not anticipate soliciting expert or opinion testimony from either of them, or from any other representative of the United States Marine Corps, or the United States Navy.

At the direction of Captain Carlisle, I am including a Subpoena for Arpaio's personnel records. You will note that I have signed the Subpoena, rather than the presiding judge. Under the South Carolina Rules of Civil Procedure, Rule 45(a)(3) "an attorney as officer of the court may also issue and sign a subpoena on behalf of the court in which the attorney is authorized to practice." I will, of course, be happy to obtain a subpoena signed by a circuit court judge if you deem it necessary.

If you need any additional information, please do not hesitate to contact me. Otherwise, I look forward to receiving this information at your convenience.

With best regards, I am

Yours very truly,

Mark C. Brandenburg

MCB/ee

Cc: Cpt. Kevin Carlisle, USMC

enclosure

# STATE OF SOUTH CAROLINA

ISSUED BY THE <u>COMMON PLEAS</u> COURT

IN THE COUNTY OF CHARLESTON

...topher Ross Baker,

          Plaintiff

v.

Michael Arpaio and The Citadel,

          Defendants

**SUBPOENA DUCES TECUM IN A CIVIL CASE**

Case Number: 2003-CP-10-4035
Pending in Charleston County

TO:    Department of the Navy

YOU ARE COMMANDED to appear in the above named court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

<u>XX</u>   **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects in your possession, custody or control at the place, date and time specified below (list documents or objects): **a complete copy of the any and all records for Michael Arpaio, including, but not limited to, fitness reports, evaluations, disciplinary records, application forms, notes, records relative to vacations, sick leave and other absences, records of earnings, correspondence, and medical ~ords.**

| PLACE | DATE AND TIME |
|---|---|
| Barnwell Whaley Patterson & Helms, LLC<br>885 Island Park Drive (29492)<br>Post Office Drawer H<br>Charleston, SC 29402-0197 | October 20, 2003<br>5:00 p.m. |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

ANY ORGANIZATION NOT A PARTY TO THIS SUIT THAT IS SUBPOENAED FOR THE TAKING OF A DEPOSITION SHALL DESIGNATE ONE OR MORE OFFICERS, DIRECTORS, OR MANAGING AGENTS, OR OTHER PERSONS WHO CONSENT TO TESTIFY ON ITS BEHALF, AND MAY SET FORTH, FOR EACH PERSON DESIGNATED, THE MATTERS ON WHICH THE PERSON WILL TESTIFY. SOUTH CAROLINA RULES OF CIVIL PROCEDURE, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR Defendant | DATE |
|---|---|
| Mark C. Brandenburg, Attorney for The Citadel | October 8, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark C. Brandenburg, Esquire
885 Island Park Drive (29492)
Post Office Drawer H
Charleston, SC 29401    (843) 577-7700

(See Rule 45, S.C. Rules of Civil Procedure, Parts C & D on Reverse)

| | DATE | | PLACE SERVED |
|---|---|---|---|

| DATE

October 8, 2003

| PLACE SERVED

**1322 Patterson Avenue SE, Suite 3000**
**Washington Navy Yard, DC 20374-5006**

SERVED ON (Print Name)

Department of Navy

| MANNER OF SERVICE

| US MAIL *Certified Return Receipt Requested*

SERVED BY (Print Name)

E. Edwards

| TITLE

| Legal Secretary

DECLARATION OF SERVER

I certify that the foregoing information contained in the Proof of Service is true and correct.

Executed on   October 9, 2003
                          DATE

*E. Edwards*

SIGNATURE OF SERVER

Post Office Drawer H

ADDRESS OF SERVER

Charleston, SC  29402

Rule 45, South Carolina Rules of Civil Procedure, Parts c and d:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, ~h may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)     A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)     On timely motion, the court by which a subpoena was issued, or regarding a subpoena commanding appearance at a deposition, or production or inspection directed to a non-party, the court in the county where the non-party resides, is employed or regularly transacts business in person, shall quash or modify the subpoena if it:

(i)     fails to allow reasonable time for compliance; or

(ii)     requires a person who is not a party or an officer, director or managing agent of a party to travel more than 50 miles from the county where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from the county where the subpoena was served to the place within the state where the trial is held; or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B)     If a subpoena:

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person, who is not a party or an officer, director or managing agent of a party to incur substantial expense to travel from the county where that person resides, is employed or regularly transacts business in person,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order ~~appearance or production only upon specified conditions.

DUTIES IN RESPONDING TO SUBPOENA:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              1993
CONNECTION TEL                12026855484
SUBADDRESS
CONNECTION ID
ST. TIME             10/09 15:46
USAGE T              02'23
PGS. SENT                8
RESULT               OK
```

# BARNWELL WHALEY
# PATTERSON & HELMS, LLC

ATTORNEYS AND COUNSELORS AT LAW
FOUNDED 1938

885 Island Park Drive (29492)
P.O. Drawer H
Charleston, SC 29402-0197
Telephone: (843) 577-7700
Facsimile: (843) 577-7708
Writer's Direct E-Mail:
mbrandenburg@barnwell-whaley.com

William C. Helms, III
M. Dawes Cooke, Jr.
B. C. Killough †
Thomas B. Pritchard
James H. Elliott, Jr.

J. Gail Rahn
Mark C. Brandenburg
Wendy J. Keefer
Todd M. Musheff
P. Gunnar Nistad

Lucinda Gardner Wichmann
Phillip S. Ferderigos
Andrea H. Brisbin
K. Michael Barfield
Gerald E. DeLoss
Myra V. Whitener

†Registered Patent Attorney

Robert A. Patterson
Nathaniel B. Barnwell (1877-1959)
Ben Scott Whaley (1949-1987)
Samuel J. Corbin (1967-1975)

October 9, 2003

# Fax

| | | | |
|---|---|---|---|
| To | Office of the Judge Advocate General, Attn: Code 15 Department of the Navy | Fax | 202-685-3484 |
| From | Mark C. Brandenburg | Pages | 8 |
| Date | October 9, 2003 | Op. | Minxie |
| Re | *Baker v. Arpaio & The Citadel* | File # | 1.415 |

The original of this transmission will be sent by:

X U.S. Mail    ☐ Facsimile Only    ☐ Courier    ☐ Overnight Service

● Comments:

PLEASE SEE ATTACHED.

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

1.415
Office of the Judge Advocate General
Attn: Code 15
Department of the Navy
1322 Patterson Avenue SE, Suite 300(
Washington Nav. Yard, DC 20374-5(

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X R. Boston
☒ Agent
☐ Addressee

B. Received by (Printed Name)
R. BOSTON

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT 21 2003 WASHINGTON, D.C.

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt ~~for Merchandise~~
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Transfer from service label)* 7001 1140 0003 2530 8814

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1035

# BARNWELL WHALEY
# PATTERSON & HELMS, LLC

ATTORNEYS AND COUNSELORS AT LAW
FOUNDED 1938

885 Island Park Drive (29492)
P.O. Drawer H
Charleston, SC 29402-0197
Telephone: (843) 577-7700
Facsimile: (843) 577-7708
Writer's Direct E-Mail:
mbrandenburg@barnwell-whaley.com

William C. Helms, III
M. Dawes Cooke, Jr.
B. C. Killough †
Thomas B. Pritchard
James H. Elliott, Jr.

J. Gail Rahn
Mark C. Brandenburg
Wendy J. Keefer
Todd M. Musheff
P. Gunnar Nistad
Gerald E. DeLoss

Lucinda Gardner Wichmann
Phillip S. Ferderigos
Andrea H. Brisbin
K. Michael Barfield
Myra V. Whitener
Arthur C. Peizer

†Registered Patent Attorney

Robert A. Patterson
Nathaniel B. Barnwell (1877-1950)
Ben Scott Whaley (1909-1987)
Samuel J. Corbin (1907-1975)

February 25, 2004

1.415
Secretary of the Navy
c/o General Counsel
1000 Navy Pentagon, Room 4-E 516
Washington, DC 20350-1000

> Re:  *Kristopher Ross Baker v. Michael Arpaio and The Citadel*
>      Case No. 03-CP-10-4035
>      Our File No. 1.415

Dear Sir:

I represent The Citadel in the above-captioned case. The Plaintiff in this case alleges that he was sexually assaulted by Michael Arpaio, a Marine Corps officer, who worked as a volunteer, at times, at The Citadel's summer camp.

To properly prepare The Citadel's defense in this case, I would appreciate the opportunity to review and obtain copies of Mr. Arpaio's personnel records. Mr. Arpaio was commissioned as a Second Lieutenant in the United States Marine Corps in 1997. At the time of his Court Marshall in June 2001, he was stationed at the U. S. Marine Corps Depot, Parris Island, South Carolina.

Pursuant to 32 C.F.R. Part 725, as well as the Marine Corps Manual for Legal Administration, I am enclosing a Subpoena signed by the Honorable Markley Dennis, Chief Administrative Judge for the Ninth Judicial Circuit of South Carolina. As you can see, this Subpoena requests all personnel records for Michael Arpaio. Pursuant to the above-referenced regulations, I hereby serve this Subpoena on you.

Since this case was filed in October of 2003, I would very much appreciate your forwarding copies of these documents at your earliest convenience. I will, of course, be happy to pay all reasonable copying costs for these records.

If you need additional information to process this request, please do not hesitate to contact me. In the meantime, thank you very much for your attention to this request.

**ATTACHMENT**
**B**

With best regards, I am

Yours very truly,

Mark C. Brandenburg

MCB/ee

enclosure

cc:     J. Edward Bell, III, Esquire

## STATE OF SOUTH CAROLINA

ISSUED BY THE <u>COMMON PLEAS</u> COURT          IN THE COUNTY OF CHARLESTON

Kristopher Ross Baker,

                 Plaintiff

       v.                                             SUBPOENA DUCES TECUM IN A CIVIL CASE

Michael Arpaio and The Citadel,                     Case Number: 2003-CP-10-4035

                 Defendants          Pending in Charleston County

TO:     Department of the Navy

---

    YOU ARE COMMANDED to appear in the above named court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

**XX**    **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects in your possession, custody or control at the place, date and time specified below (list documents or objects): **a complete copy of the any and all records for Michael Arpaio, including, but not limited to, fitness reports, evaluations, disciplinary records, application forms, notes, records relative to vacations, sick leave and other absences, records of earnings, correspondence, and medical records.**

| PLACE<br>Barnwell Whaley Patterson & Helms, LLC<br>885 Island Park Drive (29492)<br>Post Office Drawer H<br>Charleston, SC 29402-0197 | DATE AND TIME<br><s>March 1, 2004</s> March 10, 2004<br>5:00 p.m. |
|---|---|

    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

ANY ORGANIZATION NOT A PARTY TO THIS SUIT THAT IS SUBPOENAED FOR THE TAKING OF A DEPOSITION SHALL DESIGNATE ONE OR MORE OFFICERS, DIRECTORS, OR MANAGING AGENTS, OR OTHER PERSONS WHO CONSENT TO TESTIFY ON ITS BEHALF, AND MAY SET FORTH, FOR EACH PERSON DESIGNATED, THE MATTERS ON WHICH THE PERSON WILL TESTIFY. SOUTH CAROLINA RULES OF CIVIL PROCEDURE. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR Defendant) | DATE |
|---|---|
| R. Markley Dennis Jr.<br><s>Deadra L. Jefferson</s>, Judge for the Ninth Judicial Circuit | February 19, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Hon. <s>Deadra L. Jefferson</s> R. Markley Dennis, Jr.
Judge for the Ninth Judicial Circuit
336 Charleston County Judicial Center
100 Broad Street
Charleston, SC 29401

| DATE | PLACE SERVED |
|------|--------------|
| February 25, 2004 | **1000 Navy Pentagon, Room 4-E 516 Washington, DC 20350-1000** |

| SERVED ON (Print Name) | MANNER OF SERVICE |
|------------------------|-------------------|
| Department of Navy | US MAIL-Certified, return receipt requested |

| SERVED BY (Print Name) | TITLE |
|------------------------|-------|
| Robin A. Anderson | Paralegal |

---

### DECLARATION OF SERVER

I certify that the foregoing information contained in the Proof of Service is true and correct.

Executed on    February 25, 2004

DATE

*Robin Anderson*

SIGNATURE OF SERVER

Post Office Drawer H

ADDRESS OF SERVER

Charleston, SC  29402

---

Rule 45, South Carolina Rules of Civil Procedure, Parts c and d:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

    (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A)    On timely motion, the court by which a subpoena was issued, or regarding a subpoena commanding appearance at a deposition, or production or inspection directed to a non-party, the court in the county where the non-party resides, is employed or regularly transacts business in person, shall quash or modify the subpoena if it:

        (i)    fails to allow reasonable time for compliance; or

        (ii)    requires a person who is not a party or an officer, director or managing agent of a party to travel more than 50 miles from the county where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from the county where the subpoena was served to the place within the state where the trial is held; or

        (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv)    subjects a person to undue burden.

    (B)    If a subpoena:

        (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii)    requires a person, who is not a party or an officer, director or managing agent of a party to incur substantial expense to travel from the county where that person resides, is employed or regularly transacts business in person,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

    (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( *Printed Name* ) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

1.415
Secretary of the Navy
c/o General Counsel
1000 Navy Pentagon, Room 4-E 516
Washington, DC 20350-1000

~~ARTMENT OF THE NAVY~~ MAR 2 4
~~ICE OF THE GENERAL COUNSEL~~
~~SHINGTON, D.C. 20~~

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service l*    7002 2410 0006 2500 8270

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035